FILED by **DD** D.C.

**Mar 30, 2017**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – FT. LAUD.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 17-60093-CR-BLOOM/VALLE
CASE NO. _____

18 U.S.C. § 1343
26 U.S.C. § 7206(1)
18 U.S.C. § 1001

**UNITED STATES OF AMERICA**

vs.

**TIMOTHY JOHN BEVERLEY,**

                    **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

**A. The business entities related to Timothy John Beverley**

1. Majestic Jet, Inc. ("Majestic Jet") was a Florida corporation that was incorporated on May 24, 2007, located in Pompano Beach, Florida, and provided aircraft charters. From in or about September 2009, to in or about May 2013, Majestic Jet was solely owned by M.F. Majestic Jet maintained Bank of America accounts ending in #5465, #5478 and #1764. Defendant TIMOTHY JOHN BEVERLEY was a salaried employee of Majestic Jet from February 2010 to March 2013.

2. Majestic Jet International, LLC was a Florida limited liability company formed by M.F. in October 2010 to be able to buy and sell aircraft. Majestic Jet International, LLC maintained Florida Shores Bank accounts ending in #2509 and #1153. Both M.F. and defendant BEVERLEY had signature authority over the bank accounts of Majestic Jet International, LLC.

1

3. Jet Investors, LLC was a Florida limited liability company, located in Pompano Beach, Florida, and incorporated on December 20, 2011. In or about February 2013, defendant TIMOTHY JOHN BEVERLEY opened a bank account ending in #6012, at Florida Shores Bank, under the name of Jet Investors, LLC, with defendant BEVERLEY as the only signatory on the account.

4. Jet Sales International, LLC was a Florida limited liability company, located in Pompano Beach, Florida, and established in or about June 2013, to facilitate the purchase and sale of aircraft by defendant TIMOTHY JOHN BEVERLEY. Jet Sales International, LLC maintained a bank account ending in #8240 at Florida Shores Bank, with defendant BEVERLEY as the only signatory on the account.

5. MJJJ, LLC ("MJJJ") was a Delaware limited liability company, established on January 14, 2011, to facilitate the buying and selling of aircraft by J.J. and defendant TIMOTHY JOHN BEVERLEY. MJJJ maintained a Florida Shores Bank account ending in #3713, with defendant BEVERLEY, M.G. and J.J. as the authorized signers for the MJJJ account.

6. Global One International, LLC was a Florida limited liability company located in Miami, Florida, listing L.J.P., PLLC, as Registered Agent and K. R. as Manager. Global One International, LLC maintained a Florida Shores Bank account ending in #3788.

7. Aircraft Completions Center, Inc. was a Florida corporation, located in Pompano Beach, Florida, listing Ti. P. as Registered Agent and Th. P. as Vice President. Aircraft Completions Center, Inc. maintained a Wachovia/Wells Fargo Bank account ending in #9127.

8. T.T. Yacht Sales, Inc. was a Florida corporation, formed in 2009, with a mailing address in Tyler, Texas, owned by M.W., and was in the business of buying, selling and repairing boats.

T.T. Yacht Sales, Inc. maintained a Florida Shores Bank account ending in #4257, with defendant TIMOTHY JOHN BEVERLEY and M.W. as the only signatories on the account. Defendant BEVERLEY authorized the disbursements from the account.

**B. The escrow companies**

9. Aero-Space Reports, Inc. was located in Oklahoma City, Oklahoma, and provided aircraft title and escrow services for the aircraft industry. Aero-Space Reports, Inc. maintained a Bank of Oklahoma account ending in #6946.

10. Powell Aircraft Title Service, LLC was located in Oklahoma City, Oklahoma, and provided aircraft title, data and escrow services for the aircraft industry. Powell Aircraft Title Service, LLC maintained a Bank of America account ending in #8493.

11. Insured Aircraft Title Service was located in Oklahoma City, Oklahoma, and provided aircraft title, data and escrow services for the aircraft industry. Insured Aircraft Title Service maintained an International Bank of Commerce account ending in #3717.

<u>**COUNTS ONE THROUGH FIVE**</u>
(Wire Fraud - 18 U.S.C. § 1343)

12. The allegations set forth in paragraphs 1 through 11 of the Introduction section of this Indictment are re-alleged and expressly incorporated herein as if copied verbatim.

13. From in or about June 2010, through in or about May 2013, at Broward County, in the Southern District of Florida and elsewhere, the defendant,

**TIMOTHY JOHN BEVERLEY,**

did knowingly and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud and to obtain money from M.F. and Majestic Jet, by means of materially false and

3

fraudulent pretenses, representations and promises, and by omissions of material fact, and for the purpose of executing the scheme and artifice to defraud, and to obtain money, did knowingly transmit, and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

## MANNER AND MEANS

14. The manner and means by which defendant TIMOTHY JOHN BEVERLEY sought to accomplish the object of the scheme and artifice to defraud and obtain money included the following:

a. Defendant TIMOTHY JOHN BEVERLEY would earn a salary and generate commission payments from airplane purchases and sales as an employee of Majestic Jet.

b. Defendant TIMOTHY JOHN BEVERLEY would divert the commission payments earned by his employer, Majestic Jet, from the sale of airplanes by directing escrow agents, ASR and Powell Title, to send funds into the nominee corporate bank accounts of entities, such as Global One International, LLC and Aircraft Completions Center, Inc., said entities being controlled by defendant Timothy John Beverley's associates.

c. Defendant TIMOTHY JOHN BEVERLEY would write checks and transfer funds out of the business bank accounts of Majestic Jet to pay his personal expenses, such as boat maintenance and rent on his residence.

d. Defendant TIMOTHY JOHN BEVERLEY would transfer monies directly from the bank account of his employer, Majestic Jet, to escrow agents to purchase aircraft, using the names of Majestic Jet and MJJJ in the purchase and sale of the aircraft, and retaining some, or all, of the sales commission proceeds for himself.

4

e. Defendant TIMOTHY JOHN BEVERLEY, through the diversion of Majestic Jet commission payments from 2010 through 2012, the transfer of monies directly from Majestic Jet to bank accounts he controlled, and by causing the payment of his personal expenses by Majestic Jet, defrauded, and obtained money from M.F., and Majestic Jet, in the amount of approximately $1,834,000.

## THE WIRE COMMUNICATIONS

15. On or about the dates enumerated as to each count below, at Broward County, in the Southern District of Florida and elsewhere, the defendant,

### TIMOTHY JOHN BEVERLEY,

for purposes of executing the aforementioned scheme and artifice to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, and omissions of material fact, did knowingly transmit or cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals and sounds as more particularly described below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|-------|------|-----------------------------------|
| ONE | January 17, 2012 | Wire transfer of $10,000 in funds from Aero-Space Reports, Inc.'s account, ending in #8175 at Bank of Oklahoma in Oklahoma City, Oklahoma, to T.T. Yacht Sales, Inc.'s account, ending in #4257 at Florida Shores Bank in Pompano Beach, Florida. |
| TWO | April 20, 2012 | Wire transfer of $15,000 in funds from Aero-Space Reports, Inc.'s account ending in #8175 at Bank of Oklahoma in Oklahoma City, Oklahoma, to T.T. Yacht Sales, Inc.'s account ending in #4257 at Florida Shores Bank in Pompano Beach, Florida. |
|  |  |  |

| THREE | May 24, 2012 | Wire transfer of $60,000 in funds from Aero-Space Reports, Inc.'s account ending in #8175 at Bank of Oklahoma in Oklahoma City, Oklahoma, to Global One International, LLC's account ending in #3788 at Florida Shores Bank in Miami, Florida. |
|-------|--------------|----------------------------------------------------------------------|
| FOUR | May 24, 2012 | Wire transfer of $76,550 in funds from Aero-Space Reports, Inc.'s account ending in #8175 at Bank of Oklahoma in Oklahoma City, Oklahoma, to Aircraft Completions Center, Inc.'s account ending in #9127 at Wachovia/Wells Fargo Bank in Pompano Beach, Florida. |
| FIVE | November 19, 2012 | Wire transfer of $12,000 in funds from Powell Title Bank of America account ending in #0017 in Oklahoma City, Oklahoma, to S.L.'s account ending in #0692 at Bank of America in Pembroke Pines, Florida. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS SIX THROUGH EIGHT
### (Filing a False Tax Return - 26 U.S.C. § 7206(1))

16. The allegations set forth in paragraphs 1 through 11 of the Introduction section of this Indictment are re-alleged and expressly incorporated herein as if copied verbatim.

17. On or about dates set forth below, at Pompano Beach, Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**TIMOTHY JOHN BEVERLEY,**

a resident of Broward County, did willfully make and subscribe United States Individual Income Tax Returns, IRS Forms 1040, and related Schedules, for the calendar years set forth below, and file with the Internal Revenue Service on or about the dates indicated below, which returns contained and were verified by a written declaration that they were made under the penalties of perjury, and which  the defendant did not believe to be true and correct as to every material matter,

6

in that the defendant reported that other income on Line 21 were the amounts indicated below, whereas, as the defendant then and there well knew and believed, the amounts of other income on Line 21 were substantially greater;

| COUNT | APPROXIMATE DATE FILED | CALENDAR YEAR | REPORTED OTHER INCOME ON LINE 21 | ACTUAL APPROXIMATE OTHER INCOME |
|-------|------------------------|---------------|----------------------------------|----------------------------------|
| SIX | April 15, 2011 | 2010 | -$8,021,043 | $196,499 |
| SEVEN | April 15, 2012 | 2011 | -$7,907,160 | $1,035,275 |
| EIGHT | April 15, 2013 | 2012 | -$7,890,163 | $493,094 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE
### (Filing a False Tax Return - 26 U.S.C. § 7206(1))

18. The allegations set forth in paragraphs 1 through 11 of the Introduction section of this Indictment are re-alleged and expressly incorporated herein as if copied verbatim.

19. On or about July 18, 2014, at Pompano Beach, Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**TIMOTHY JOHN BEVERLEY,**

a resident of Broward County, did willfully make and subscribe a United States Individual Income Tax Return, IRS Form 1040, and related Schedules, for the 2013 calendar year and file with the Internal Revenue Service, which return contained and was verified by a written declaration that it was made under the penalty of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the defendant: a) reported other income on Line 21, the amount of -$7,805,163, whereas, as the defendant then and there well knew and believed, the

7

amount of other income on Line 21 was substantially greater; and b)  reported partnership income on Line 17, the amount of $175,006, whereas, as the defendant then and there knew and believed, the amount of partnership income on Line 17 was substantially greater, all in violation of Title 26, United States Code, Section 7206(1).

## COUNTS TEN THROUGH SIXTEEN
(False Statement to the United States - 18 U.S.C. § 1001)

20. The allegations set forth in paragraphs 1 through 11 of the Introduction section of this Indictment are re-alleged and expressly incorporated herein as if copied verbatim.

21. On or about the dates set forth below, at Broward County, in the Southern District of Florida, the defendant,

**TIMOTHY JOHN BEVERLEY,**

in a matter within the jurisdiction of the judicial branch of the Government of the United States, that is,  the United States Probation Office, did knowingly and willfully, make and use false writings and documents, knowing the same to contain any materially false, fraudulent and fictitious statements and entries, in that the defendant completed and submitted Monthly Supervision Reports to the United States Probation Office stating the following:

| COUNT | DATE | FALSE STATEMENT |
|---|---|---|
| TEN | APRIL 1, 2012 | That he had net earnings of $5,417.37 for the month of March, 2012 when his net earnings were actually substantially higher |
| ELEVEN | MAY 3, 2012 | That he had net earnings of $5,417.37 for the month of April, 2012 when his net earnings were actually substantially higher |
| TWELVE | JUNE 3, 2012 | That he had net earnings of $5,417.37 for the month of May, 2012 when his net earnings were actually substantially higher |

| COUNT | DATE | FALSE STATEMENT |
|---|---|---|
| THIRTEEN | JULY 3, 2012 | That he had net earnings of $5,417.37 for the month of June, 2012 when his net earnings were actually substantially higher |
| FOURTEEN | AUGUST 3, 2012 | That he had net earnings of $5,417.37 for the month of July, 2012 when his net earnings were actually substantially higher |
| FIFTEEN | SEPTEMBER 4, 2012 | That he had net earnings of $5,417.37 for the month of August, 2012 when his net earnings were actually substantially higher; and that his only expenditures for the month of August 2012 were a $1,625 bank transfer for rent, a $564 bank transfer for a car payment and a $1,573 money order for restitution, when he also caused, but failed to report, a $11,760 wire to be sent from Powell Aircraft Title Service, LLC to S.L. for the his rent and two $10,000 wires from Powell Aircraft Title Service, LLC to T.T. Yacht Sales, Inc. for maintenance of a boat he co-owned |
| SIXTEEN | OCTOBER 4, 2012 | That he had net earnings of $5,417.37 for the month of September, 2012 when his net earnings were actually substantially higher |

All in violation of Title 18, United States Code, Section 1001(a) (3).

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

_____
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

TIMOTHY JOHN BEVERLEY,

_____ Defendant. /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

Court Division: (Select One)

| | |
|---|---|
| Miami _____ | Key West _____ |
| FTL ___X___ | WPB _____ FTP _____ |

New Defendant(s)          _____
Number of New Defendants  _____
Total number of counts    _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:         (Yes or No)        NO
    List language and/or dialect      _____

4.  This case will take __7__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                      (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | | Petty | | |
| II | 6 to 10 days | X | Minor | | |
| III | 11 to 20 days | | Misdem. | | |
| IV | 21 to 60 days | | Felony | X | |
| V | 61 days and over | | | | |

6.  Has this case been previously filed in this District Court? (Yes or No) __NO__
    If yes:
    Judge: _____        Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?     (Yes or No)        NO
    If yes:    Magistrate Case No. _____
    Related Miscellaneous numbers:        _____
    Defendant(s) in federal custody as of    _____
    Defendant(s) in state custody as of      _____
    Rule 20 from the                         _____
                                   District of _____

Is this a potential death penalty case? (Yes or No) _____Yes    X    No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes    No   X

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes    No   X

_____
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 219381

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: TIMOTHY JOHN BEVERLEY

**Case No**: _____

Counts #: 1 - 5

Wire Fraud

 in violation of Title 18, United States Code, Section 1343

**\* Max. Penalty:** Twenty (20) years` imprisonment, three (3) years' supervised release, $250,000 fine, $100 special assessment

Count #: 6 -9

  Filing a False Tax Return

  in violation of Title 26, United States Code, Section 7206(1)

**\*Max. Penalty:** Three (3) years` imprisonment, one (1) year supervised release, $250,000 fine, $100 special assessment

Count #: 10-16

  False Statement to the United States

  in violation of Title 18, United States Code, Section 1001

**\*Max. Penalty:** Five (5) years` imprisonment, three (3) years' supervised release, $250,000 fine, $100 special assessment

Count #:

_____

_____

**\*Max. Penalty:**  _

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**