UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60093-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY JOHN BEVERLEY

    Defendant.

_____/

## ORDER ON MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Defendant's Motion *in Limine* to Exclude Reference to Probation from Any Document, Evidence or Argument Presented to the Jury, ECF No. [19]. Following review of the Motion, the Government's Response, a review of the Court file and being duly advised, the Court finds as follows:

    Defendant Timothy Beverley is charged in a Superseding Indictment with four counts of Wire Fraud in violation of Title18, United States Code, §1343, four counts of Filing a False Tax Return in violation of Title 26, United States Code, §7206(1), and seven counts of Making False Statements to the United States in violation of Title18, United States Code, §1001. The Government contends that, in the process of concealing his true income from the IRS and United States Probation Office, Beverley was also fraudulently concealing the theft of funds from his employer.

    Pertinent to the pending Motion are the seven counts of filing false monthly supervision reports with the United States Probation. In order to prove that the Defendant made false statements in violation of 18 U.S.C. Section 1001, the Government must show that Defendant Beverley knowingly and willfully submitted materially false statements in a matter within the

jurisdiction of one of the branches of the United States Government. The Defendant seeks to exclude from any document, evidence or argument presented to the jury, any reference to the United States Probation Office or its Officers, or that the alleged false statements were made to an arm of the judiciary or in a matter within the jurisdiction of the Judicial Branch of the Government. The Defendant claims that permitting such references to be made at trial serves only to alerting the jury that he has been previously convicted of a crime. The Defendant submits that the Government is not prejudiced in the prosecution of its case in precluding such evidence. The Defendant offers to stipulate to the following: that he was required to report to the United States Probation Office – and that it is within the judicial branch of our Government outside the presence of the jury; and to stipulate before the jury that he was required to report his monthly income to the United States Government during the period set forth in the pertinent counts of the indictment and that he in fact reported the amounts set forth on the various report forms corresponding to each count. That is an invitation that the Government has declined.

The Government takes the position that the conviction, probation term and the resulting restitution obligation imposed by the Court arose out of the same transactions as the charged crimes, are necessary to complete the story of the crimes, and are inextricably intertwined with the other evidence. Moreover, the Government contends that such a stipulation would prohibit its ability to present proof of Defendant's intent and motive in making the alleged false statements and the materiality of the alleged false reports. The Court agrees.

Both the "rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all." *Young v. Ill. Cent. Gulf R.R. Co.,* 618 F.2d 332, 337 (5th Cir.1980). Rule 403 is an "extraordinary remedy ... which should be used sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Wright,* 392 F.3d 1269, 1276 (11th Cir. 2004), *cert. denied,* 544 U.S. 968 (2005). Rule 403's "major function is excluding matter of scant or

cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Utter,* 97 F.3d 509, 514–15 (11th Cir. 1996). Exclusion under Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Alfaro–Moncada,* 607 F.3d 720, 734 (11th Cir. 2010).

All admissible evidence, whether intrinsic or extrinsic, must be weighed against Rule 403 prejudice. *See United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir.2000); *United States v. Miller,* 959 F.2d 1535, 1538 (11th Cir.1992). Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Relevant direct evidence of a crime charged is always admissible unless it falls under a rule of exclusion. *See United States v. Rice,* 214 F.3d 1295, 1299 (11th Cir.2000); *United States v. Martin,* 794 F.2d 1531, 1533 (11th Cir.1986). Relevant evidence "has a tendency to make a fact more or less probable than it would be without the evidence." Fed.R.Evid. 401. "The evidence must be probative of the proposition it is offered to prove," and the proposition "must be one that is of consequence to the determination of the action." *United States v. Glasser,* 773 F.2d 1553, 1559 (11th Cir.1985).

Here, the Court certainly finds that the Defendant's probation reporting obligations are inextricably intertwined with the other alleged fraudulent statements and acts charged in the Indictment and provides a complete and necessary account of the circumstances underlying the various offenses charged. Moreover, the evidence has substantial probative value as to the Defendant's intent and absence of mistake in omitting material facts to his probation officer.

The Defendant's reliance on the Supreme Court's decision in *Old Chief v. United States,* 519 U.S. 172 (1997) is inapposite to the alleged facts presented . The Court in *Old Chief* considered whether it was reversible error for the district court to permit the

3

Government to introduce a record of the defendant's prior conviction in a felon in possession case in the face of the defendant's offer to stipulate that the Government had established one of the essential elements of the crime, that is, that the defendant Johnny Lynn Old Chief, had previously been convicted of a qualifying felony for purposes of Title 18 U.S.C. 922(g). The Court found that the district court had committed reversible error in that the admitted evidence, though probative, was substantially outweighed by the unfair prejudice to the defendant. *Id.* at 192. Here, as with the qualifying felony in *Old Chief*, the Court agrees that the Defendant's prior felony has little, if any, probative value. Both the Defendant and the Government agree on this point. Rather, at issue and relevant are the alleged false reporting of Defendant's income to probation, not the facts of the Defendant's prior underlying offenses.

Similar to *United States v. James L. Bianco*, 181 Fed. Appx. 846 (11th Cir. 2006), the Court will give a limiting instruction to the jury at trial. Moreover, the Court will preclude any reference as to the reason Defendant was on probation or the nature of the underlying offense which resulted in the probationary term.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's Motion *in Limine* to Exclude Reference to Probation from Any Document, Evidence or Argument Presented to the Jury, **ECF No. [19]**, is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 22nd day of September, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record