UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60093-CR-BLOOM

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

TIMOTHY J. BEVERLEY

       Defendant.

_____/

**DEFENDANT'S MOTION TO EXCLUDE IMPEACHMENT
EVIDENCE FROM EXHIBIT LIST**

      Defendant, Timothy J. Beverley, hereby files his motion seeking leave to withhold notice of impeachment exhibits relating to the Government's lead witness, Matthew Franzak. As grounds for its motion, defendant states as follows:

      1.   This case involves several allegations of fraud, filing false tax returns, and making false statements to the United States Probation Office. (DE 1)

      2.   It is believed that the Government's primary evidence as to the fraud charges (and as a consequence as to most of the tax charges) will be from the testimony of Matthew Franzak. Mr. Franzak is listed on the Government's witness list which was received on September 26, 2017 at 5:01 p.m. The defense suspects Mr. Franzak will testify that Mr. Beverley was not authorized to engage in certain financial transactions, although we note that we have not been provided, as yet, of any prior testimony or reports of interview of Mr. Franzak.

      3.   The defense has discovered certain documents, primarily electronic mail messages to and from Mr. Franzak, which would belie any testimony that he had no knowledge of certain disputed financial transactions.

4. Thus, such exhibits are at this juncture only impeachment exhibits. Without knowing what financial transactions Mr. Franzak will disavow knowledge of, the defense has no basis upon which to state it would use such exhibits in its case in chief, should the case progress to that point.

5. We therefore seek the Court's authorization to withhold such impeachment exhibits from disclosure on the defense exhibit list, with leave to amend such list should any or all of such impeachment exhibits become relevant and admissible in any case the defense may elect to present.

6. Government counsel was provided a copy of this motion on September 27, 2017 at 9:36 a.m. with a request that it convey the Government's position as to the relief requested. The Government's position, as provided by SLC Karadibil on September 27, 2017 at 11:24 a.m. is as follows:

> We agree with the legal principle that impeachment evidence need not be turned over. The Government's problem is, like the defense not knowing what transactions will be acknowledged or disavowed, we do not know what the defense documents are or what they refer to. Therefore, we would agree to an *in camera* review by the Court to determine if they must be included on the defense exhibit list.

Federal Rule of Criminal Procedure, Rule 16(b) requires the defense to provide reciprocal discovery of documents and tangible evidence it intends to use in its case in chief. The Government in this case invoked such reciprocal discovery. The impeachment documents which are the subject of this motion have not been provided as yet to the Government. It should be noted that the United States Court of Appeals for the Eleventh Circuit has held, in a similar situation in which it was the Government's use of undisclosed impeachment exhibits, that the concept of evidence to be used in a party's case in chief does not include evidence to be used for impeachment. *United States v. Jordan,* 316 F.3d 1215, 1249 (11th Cir. 2003) *See also, United*

*States v. Medearis,* 380 F.3d 1049,1057 (8th Cir. 2004) ("[T]he requirement of reciprocal disclosure under Rule 16(b)(1)(A) includes only documents which the defendant intends to introduce during his own case-in-chief."); *United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000) (holding that "case in chief" language in Rule 16 excludes evidence "used to impeach the testimony of a witness for the prosecution"); and *United States v. Cerro* 775 F.2d 908, 915 (7th Cir. 1985) ("[N]othing in any of the [federal rules] suggests that impeachment evidence is discoverable.").

In an abundance of caution, however, now that it has been confirmed that Mr. Franzak will testify, we bring this issue to the Court's attention and respectfully seek leave to exclude the documents which are intended to be used as impeachment evidence, with leave to offer them for admission in any case in chief the defense may present in the event they become otherwise relevant and admissible based on the testimony of the Government's witness Mr. Franzak. While we are more than happy to provide the Court with the exhibits for *in camera* review as suggested by the Government, we question the efficacy of doing so if as the Government states as set forth above that it too does not know which allegedly fraudulent transactions will be acknowledged or disavowed.  Nonetheless should the court deem appropriate we will of course provide the exhibits for *in camera* review upon receipt of the Court's direction.[1].

WHEREFORE, it is respectfully requested that this Honorable Court issue an Order granting this Motion.

---

[1] It should be noted that the defense has also been advised as of September 26, 2017 at 5:01 p.m. that the Government intends to call Karla Rodriguez as a witness.  The defense was able to interview Ms. Rodriguez and thus now that it is confirmed that she will be a witness has provided the Government with exhibits the defense may introduce in any case it presents, as well as to impeach Ms. Rodriguez if she testifies consistently with the statements made to counsel during her interview.  The defense respectfully reserves the right to seek introduction of other exhibits in the event Ms. Rodriguez testimony differs from the statement made during the defense's interview of her.

Respectfully submitted,

/s/ Bruce E. Reinhart
Bruce E. Reinhart, P.A.
Breinhart@brucereinhartlaw.com
250 S. Australian Ave., Suite 1400
West Palm Beach, FL 33401
Telephone: (561) 429-8401

/s/Theresa M.B. Van Vliet
Genovese, Joblove & Battista, P.A.
tvanvliet@gjb-law.com
200 E Broward Boulevard, Suite 1110
Fort Lauderdale, FL 33301
Telephone: 305-349-2300
Fax: 305-349-2310

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 27, 2017, I electronically filed and served the foregoing Motion on all counsel of record using CM/ECF.

/s/ Theresa Van Vliet